[2 NYS3d 912]

In the Matter of DAVIDA P. HOLMES (Admitted as DAVIDA PATRI-CIA HOLMES), an Attorney, Respondent. GRIEVANCE COMMIT-TEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 18, 2015

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated July 25, 2013, containing a single charge of professional misconduct. After a prehearing conference on January 30, 2014, and a hearing on March 7, 2014, the Special Referee issued a report which sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report, and impose such discipline upon the respondent as the Court deems just and proper. The respondent has not submitted any papers in response to the motion nor has she requested additional time in which to do so.

Charge one alleges that the respondent failed to safeguard client funds entrusted to her as a fiduciary, incident to her practice of law, in violation of rules 1.15 (a) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about March 2012, the respondent was retained by Ronald Lewis, Ashton Lewis, and Richard Lewis (hereinafter collectively the Lewises) to sell real property they owned at 305 Albany Avenue in Brooklyn. The respondent received a $5,000 down payment check from the purchaser. Pursuant to the contract of sale, the respondent was required to hold the down payment in escrow in a segregated bank account at Citibank until closing or sooner termination of the contract. On or about April 9, 2012, the respondent deposited the $5,000 into her escrow account at Citibank. In or about May 2012, the Lewises discharged the respondent, and retained new counsel. At that time, Ronald Lewis instructed the respondent to send all the documents relating to the sale and the $5,000 down payment

to his new counsel. The respondent failed to turn over the $5,000 down payment. On June 5, 2012, the balance in the respondent's escrow account was $3,021.29. As of June 25, 2012, when title closed on the Lewises' property, the respondent still had not turned over the $5,000 down payment.

In a written answer to the petition, the respondent admitted all of the factual allegations in the petition. She asserted, as affirmative defenses, the following: (1) she did not intentionally misappropriate the Lewises' funds; (2) the funds were taken by another client who has since vanished; (3) she has returned $1,000 of the deposit to Ronald Lewis; (4) she intends to make full restitution of the deposit, plus interest, to the Lewises; and (5) she seeks time to make such payment to the Lewises, since a lump-sum payment is not feasible, based on her financial situation at this time.

The respondent's proffered explanation at the hearing, which was consistent with her prior testimony at her examination under oath, attributed the shortfall in her account to a theft by another of her clients, whom she represented in an unrelated transaction. Specifically, she testified that she represented a client in a mortgage financing transaction, and that, in anticipation of the funds being wired into her account, prior to receipt of the funds, and in the presence of this client, she wrote out several checks, postdated them, and placed them in her file. The respondent testified that she never received the funds that were supposed to be wired into her account, and subsequently discovered that the checks were taken from her file. The respondent explained that one of the checks for $5,000 was cashed before she could stop payment on it. The basis for the respondent's belief that this client took the checks was that the client was present in the room when she wrote out the checks, and the respondent left the room briefly to use the rest room.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has no prior disciplinary history.

In mitigation, the respondent testified at the hearing that it was never her intention not to pay back the Lewises, that she fully intends to do so, and that she has taken on an additional teaching position to enable her to pay back the Lewises. Admitting that she failed to protect the checks, the respondent asked

only for leniency. The evidence disclosed that the respondent is of limited financial means, given that she earns her living predominantly through a string of adjunct teaching positions, supplemented by part-time legal work. It was elicited on cross-examination that the Lewises commenced an action against the respondent to recover the funds, and that the respondent entered into a stipulation settling that action, agreeing to pay back the Lewises by October 24, 2013. She has yet to comply with the stipulation.

In determining the appropriate measure of discipline to impose, we have weighed the mitigating factors in this case, including lack of venality, the alleged theft by a third party, the isolated nature of the misconduct, the respondent's remorse, her inexperience as a lawyer, and both her intentions and efforts to make the victims whole, as demonstrated by her partial reimbursement of the funds and assumption of an additional teaching position to secure the funds needed to make restitution, against the respondent's negligence in writing checks against funds that she knowingly had not received, the respondent's failure to make full restitution, and her failure to comply with the stipulation of settlement in the Lewises' action against her. We conclude that a suspension of one year is warranted under the circumstances of this matter. Any application for reinstatement in the future is conditioned on proof that the respondent has satisfied in full the debt owed to the Lewises.

ENG, P.J., MASTRO, RIVERA, SKELOS and COHEN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Davida P. Holmes, admitted as Davida Patricia Holmes, is suspended from the practice of law for a period of one year, effective April 20, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 20, 2015. In such application, the respondent shall furnish satisfactory proof that (a) during the said period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) she has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) she has otherwise properly conducted herself; and it is further,

Ordered that any application for reinstatement shall be accompanied by proof that the debt owed to the Lewises has been satisfied in full; and it is further,

Ordered that the respondent, Davida P. Holmes, admitted as Davida Patricia Holmes, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Davida P. Holmes, admitted as Davida Patricia Holmes, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Davida P. Holmes, admitted as Davida Patricia Holmes, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).